THOMPSON *et al. v.* WHERRY *et al.*

(In Banc. Nov. 11, 1946. Suggestion of Error Overruled Dec. 9, 1946.)

[27 So. (2d) 771. No. 36205.]

Luther A. Whittington and E. H. Ratcliff, both of Natchez, for appellants.

C. F. Patterson, of Natchez, for appellee, H. M. Marks.

674

**Engle, Laub, Adams & Forman,** of Natchez, for appellees, Roy G. Wherry and G. G. Stanford.

**Roberds, J.,** delivered the opinion of the court.

Appellants are Roxie Hill Thompson and her husband, Eli Thompson. Appellees are Roy G. Wherry, G. G. Stanford, A. B. Kirkpatrick and H. M. Marks.

On April 4, 1932, Roxie Hill Thompson (then Roxie Hill) was the owner of the 60.33 acres of land in Adams County which is the subject of this litigation. On that date it sold for the delinquent taxes for 1931 and was bought by appellee Marks. The tax record shows the sale but Marks did not get a tax deed until January 19, 1944.

On August 11, 1943, Roxie and Eli entered into a written agreement with Roy G. Wherry under which Roxie agreed to convey Wherry one-half of the minerals in and under said lands and to also execute to Wherry a mineral lease thereon, for which Wherry paid her $1.00 and agreed to pay all back taxes on the land and do "other necessary

curative matter" to perfect the title thereto. No taxes had been paid on the land since the above tax sale thereof.

Roxie executed the lease and the mineral deed as agreed.

It is shown that one Fry had a deed of trust on the land, executed by Roxie and husband April 13, 1929, for $125, which appears to have been barred by the statute of limitations when the foregoing negotiations were begun.

According to the contention of appellees Wherry, Stanford and Kirkpatrick the situation was explained to Roxie and it was agreed that the best thing to do was to let Marks execute a deed back to Roxie, if he would do so, and then let the respective parties execute other instruments to perfect the agreed arrangement. Thereupon the following instruments were executed January 29, 1944:

A deed from Roxie to Marks; a release by Wherry to Roxie of the agreement theretofore had between them; an oil and gas lease from Marks to Wherry and Stanford; and a mineral deed from Marks to Wherry and Stanford to one-half the minerals.

On February 5, 1944, Marks executed a deed to Roxie reconveying her the land subject to the lease and mineral deed from Marks to Wherry and Stanford, Marks, also reserving one-fourth of the minerals to himself.

On May 5, 1944, Wherry and Stanford conveyed to Kirkpatrick an interest in the minerals owned by them.

Roxie and her husband Eli, by the bill in this cause, seek to have the tax sale and tax deed to Marks declared void because of insufficient description, and to cancel and annul all of the instruments executed by her on the ground they were obtained by fraud, and to set aside all the other conveyances shown above because all instruments she executed were procured by fraud of appellees and the conveyances between them are grounded upon the void conveyances executed by her, all appellees having taken part in such fraud and all knowing that her conveyances were void and vested no title or rights in the other parties.

Appellees, as respondents to the bill, denied all wrong, and, by cross-bills, prayed for confirmation of all the above-enumerated documents. The Chancellor found upon the evidence that no fraud had been practised upon Roxie; dismissed the bill and confirmed all of the foregoing instruments, including the tax sale and tax deed to Marks.

Only two questions are involved on this appeal: First, whether the tax sale and tax deed are void because of insufficient description, and, second, whether there was substantial proof to support the finding of the Chancellor that no fraud was practised upon Roxie in the procurement of the writings executed by her.

The tax assessment and tax deed describe the lands as "Part of Hoggatt Tract," located in Adams County, assessed for taxes to Roxie Hill for 1931. No citation or argument is needed to demonstrate that such a description is void. Therefore, the learned Chancellor was in error in holding the tax sale and tax deed valid. However, that fact does not change the result in this case. Roxie, under the agreed arrangement, conveyed the property to Marks, who, in turn, executed the proper documents perfecting the agreement.

On the second question, it is shown, without dispute, that Marks never discussed this matter with Roxie. Wherry and Kirkpatrick testified that they fully explained the situation to Roxie and Eli and they fully understood what was to be done and what the rights of the respective parties would be upon completion of the arrangement. Roxie herself testified, "He told me I was going to get my place back and some of the oil rights; that he would pay the taxes and I would get the land back"; that before the tax sale her husband had died; that she had no money with which to pay the taxes; that she had moved from the property about the time of the tax sale and had never lived on it since, but had resided some 17 miles therefrom; that she had abandoned the property and had not expected to regain it until approached by

Mr. Wherry. The testimony of Roxie herself supports the finding of the Chancellor. Boiled down, it shows she understood and was satisfied at the time but became dissatisfied later. We cannot disturb the finding of the Chancellor on the question of fraud.

It was shown at the hearing that Wherry had not paid the taxes and had not done " . . . other necessary curative matter" if such were needed to clear the title. He explained that by saying he had a number of times requested the supervisors to back assess the property and had asked the clerk of the supervisors to give him the amount, but these things had not been done. He also testified he was ready to comply with his agreement, and it was agreed he was financially able to do so. The right of appellants to require Mr. Wherry to fully comply with his agreement is in no wise impaired or adversely affected by this opinion and will not be so impaired or affected by the judgment which will be entered herein. The decree rendered by the Chancellor will be modified by the judgment here so as to hold the tax sale and tax deed void and retain in Roxie Thompson all rights and remedies to enforce full compliance by appellee Wherry with the agreement had between them.

Reversed in part and affirmed in part and judgment here.

**Sydney Smith, C. J.**, did not participate in this decision.